UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────x

**ERIKA BROWN**

        Plaintiff

V.                                  CAUSE NO. 11-CIV-6668 (NRB)

**FROST & SULLIVAN** and
**ART ROBBINS**

        Defendants.
─────────────────────────────────────x

### DEFENDANT ART ROBBINS' ANSWER TO
### PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Art Robbins ("Robbins" or "Defendant"), by and through his counsel, files this Answer and his Affirmative Defenses in opposition to Plaintiffs' Complaint ("Complaint") as follows:

*Preliminary Defense of Lack of Personal Jurisdiction*

1.    As specified within, Defendant Robbins objects and seeks a dismissal of this action based on a lack of personal jurisdiction over this Defendant. Defendant Robbins is a Texas resident who does not have minimum contacts with the State of New York justifying personal jurisdiction over him. This answer is made subject to this defense of lack of personal jurisdiction.

*Other Preliminary Defenses:*

2.    As specified within, Defendant asserts that Plaintiff has failed to state a claim upon which relief may be granted.  This answer is made subject to this defense.

3.    This answer is made subject to all affirmative defenses asserted below.

*Subject to and without waiving the above-listed Preliminary Defenses, Defendant presents the following admissions, denials and defenses to the averments in the Complaint*:

4.    In answer to the averments in Paragraph No. 1 of the Complaint, Defendant admits that Plaintiff Erika Brown ("Brown" or "Plaintiff") was an employee of Frost & Sullivan, that Plaintiff no longer works for Frost & Sullivan, and that Robbins is an employee of Frost & Sullivan and has the title "North American President."  However, Defendant denies the remaining averments in Paragraph No. 1.

5.    Defendant denies all the averments in Paragraph No. 2 of the Complaint.

6.    Defendant admits all the averments in Paragraph No. 3.

7.    In answer to the averments in Paragraph No. 4 of the Complaint, Defendant admits that Frost & Sullivan is incorporated in California, with a principal office in Texas. However, Defendant denies the remaining averments in Paragraph No. 4.

8.    In answer to the averments in Paragraph No. 5 of the Complaint, Defendant admits that Defendant is an employee of Frost & Sullivan, who has the title "North American President" and who resides in Texas.  However, Defendant denies the remaining averments in Paragraph No. 5 and specifically denies that he is an "officer" of Frost & Sullivan.

9.    In answer to the averments in Paragraph No. 6 of the Complaint, Defendant admits that Plaintiff has asserted certain claims under the United States Code, New York City

Human Rights Law, and the New York common law. However, Defendant denies the remaining averments in Paragraph No. 6.

10. In answer to the averments in Paragraph Nos. 7, 8 and 9 of the Complaint, Defendant admits that this Court has jurisdiction over this subject matter, that venue is proper, and that a jury has been demanded. However, Defendant denies the remaining averments in Paragraph Nos. 7, 8, and 9.

11. In answer to the averments in Paragraph No. 10 of the Complaint, Defendant admits that Plaintiff worked for Frost & Sullivan. However, Defendant lacks knowledge or information sufficient to form a belief about the remaining averments in Paragraph No. 10.

12. In answer to the averments in Paragraph No. 11 of the Complaint, Defendant admits that Plaintiff had the title of "Executive Vice President," that she worked on certain special projects, that she focused on certain strategic alliances or barters, and that she contributed with other team members in achieving over a million dollars in revenue. However, Defendant denies the remaining averments in Paragraph No. 11.

13. In answer to the averments in Paragraph No. 12 of the Complaint, Defendant admits that Plaintiff's compensation consisted, in part, of commissions. However, Defendant denies the remaining averments in Paragraph No. 12.

14. Defendant denies all the averments of Paragraph Nos. 13, 14, 15, 16, and 17 of the Complaint.

15. In answer to the averments of Paragraph No. 18 of the Complaint, Defendant admits that his office is in San Antonio, Texas, and that he has made trips to the New York offices on occasion. However, Defendant denies the remaining averments in Paragraph No. 18.

16.     In answer to the averments in Paragraph Nos. 19, 20, 21, 22, 23, 24, 25, and 26 of the Complaint, Defendant admits that he met with Plaintiff on some occasions in various restaurants of New York, in connection with work at Frost & Sullivan.  However, Defendant denies all the remaining averments of these Paragraphs.

17.     In answer to the averments in Paragraph No. 27, Defendant admits that Plaintiff's job assignments at various points may have changed.  However, Defendant denies the remaining averments in Paragraph No. 27 and specifically denies that any changes were as a result of the events Plaintiff alleges.

18.     In answer to the averments of Paragraph No. 28 of the Complaint, Defendant admits that Frost & Sullivan terminated Plaintiff's job as of May 19, 2011.  However, Defendant denies the remaining averments in Paragraph No. 28.

19.     Defendant denies all the averments in Paragraph Nos. 29, 30, 31, and 32.

20.     In answer to the averments in Paragraph Nos. 33 and 34 of the Complaint, Defendant admits that Plaintiff has alleged certain damages, though Defendant denies that any action of Defendant caused Plaintiff any such damages.  Defendant further denies that Plaintiff has not been paid any compensation, including any commissions, which may have been owed to her.  Finally, Defendant responds that he lacks knowledge or information sufficient to form a belief about the remaining averments in these Paragraphs.

21.     In answer to the averments in Paragraph No. 35 of the Complaint, Defendant reasserts his previous defenses, admissions and denials as stated in response to Paragraph Nos. 1-34 of the Complaint.

22. In answer to the averments in Paragraph No. 36 of the Complaint, Defendant admits that Plaintiff has alleged a claim under the Equal Pay Act of 1963. However, Defendant denies the remaining averments in Paragraph No. 36.

23. In answer to the averments in Paragraph No. 37 of the Complaint, Defendant admits that Frost & Sullivan is an employer, that Plaintiff was an employee of Frost & Sullivan, and that Plaintiff has alleged a claim under the Equal Pay Act. However, Defendant denies the remaining averments in Paragraph No. 37.

24. In answer to the averments in Paragraph No. 38 of the Complaint, Defendant admits that Plaintiff had the title of Executive Vice-President. However, Defendant responds that he lacks knowledge or information sufficient to form a belief about the remaining averments in this Paragraph.

25. Defendant denies all the averments in Paragraph No. 39 of the Complaint.

26. In answer to the averments in Paragraph No. 40 of the Complaint, Defendant admits that men employed by Frost & Sullivan were paid commissions. However, Defendant denies the remaining averments in Paragraph No. 40.

27. Defendant denies all the averments in Paragraph Nos. 41, 42, and 43 of the Complaint.

28. In answer to the averments in Paragraph No. 44 of the Complaint, Defendant reasserts his previous defenses, admissions and denials as stated in response to Paragraph Nos. 1-43 of the Complaint.

29. In answer to the averments in Paragraph Nos. 45, 46, and 47 of the Complaint, Defendant admits that Plaintiff has alleged a claim under the New York City Administrative Code. However, Defendant denies the remaining averments in these Paragraphs.

30. Defendant denies all the averments in Paragraph Nos. 48, 49, 50, 51, and 52 of the Complaint.

31. In answer to the averments in Paragraph No. 53 of the Complaint, Defendant responds that he lacks knowledge or information sufficient to form a belief about the averments in this Paragraph.

32. Defendant denies all the averments in Paragraph Nos. 54, 55, and 56.

33. In answer to the averments in Paragraph No. 57 of the Complaint, Defendant reasserts his previous defenses, admissions and denials as stated in response to Paragraph Nos. 1-56 of the Complaint.

34. In answer to the averments in Paragraph No. 58 of the Complaint, Defendant admits that Plaintiff has alleged a claim under the New York City Administrative Code. However, Defendant denies all the remaining averments in Paragraph No. 58.

35. Defendant denies all the averments in Paragraph Nos. 59, 60, 61, 62, 63, 64, 65, and 66 of the Complaint.

36. In answer to the averments in Paragraph No. 67 of the Complaint, Defendant reasserts his previous defenses, admissions and denials as stated in response to Paragraph Nos. 1-66 of the Complaint.

37. In answer to the averments in Paragraph No. 68 of the Complaint, Defendant admits that Plaintiff has alleged a claim under the New York City Administrative Code. However, Defendant denies the remaining averments in Paragraph No. 68.

38. Defendant denies all the averments in Paragraph Nos. 69, 70, 71, and 72 of the Complaint.

39. In answer to the averments in Paragraph No. 73 of the Complaint, Defendant responds that he lacks knowledge or information sufficient to form a belief about the averments in this Paragraph.

40. Defendant denies all the averments in Paragraph Nos. 74, 75, and 76 of the Complaint.

41. In answer to the averments in Paragraph No. 77 of the Complaint, Defendant reasserts his previous defenses, admissions and denials as stated in response to Paragraph Nos. 1-76 of the Complaint.

42. Defendant denies all the averments in Paragraph No. 78, 79, 80, 81, and 82 of the Complaint.

43. In answer to the averments in Paragraph No. 83 of the Complaint, Defendant reasserts his previous defenses, admissions and denials as stated in response to Paragraph Nos. 1-82 of the Complaint.

44. Defendant admits the averments in Paragraph No. 84 of the Complaint.

45. Defendant denies all the averments in Paragraph No. 85, 86, 87, and 88 of the Complaint.

46. Defendant denies all the averments in the Prayer of the Complaint.

*Subject to and without waiving the above-listed defenses, admissions and denials, Defendant presents the following specific Affirmative Defenses to the averments in the Complaint, which Affirmative Defenses are asserted in addition to and in the alternative to all other defenses and denials asserted herein:*

7

**Affirmative Defenses**

47.     *First Affirmative Defense*:  This Court may not assert personal jurisdiction over Defendant Robbins, and this action should be dismissed as to him.

48.     *Second Affirmative Defense*:  Plaintiff has failed to state a cause of action upon which relief may be granted, and, for this reason, this lawsuit should immediately be dismissed.

49.     *Third Affirmative Defense*:  Plaintiff cannot establish a *prima facie* case under the Equal Pay Act or any other statute or common law.

50.     *Fourth Affirmative Defense*:  Plaintiff cannot establish a *prima facie* case of discrimination, harassment or retaliation, whether asserted under the New York Administrative Code or any other statute or common law.

51.     *Fifth Affirmative Defense*:  Plaintiff cannot establish a *prima facie* case of assault and/or battery under any statute or common law.

52.     *Sixth Affirmative Defense*:  Plaintiff cannot establish a *prima facie* case of negligent hiring, training, or retention under any statute or common law.

53.     *Seventh Affirmative Defense*:  At all times, Defendant acted, without ill will, in good faith, and without malice, at all times abiding by all applicable law.

54.     *Eighth Affirmative Defense*:  Plaintiff has failed to mitigate her damages.

55.     *Ninth Affirmative Defense*:  Defendant acted in good faith and with reasonable grounds for believing that its actions were not a violation of any law, including the Equal Pay Act, the New York Administrative Code, the common law of New York, and/or all other statutes and common law applicable to this controversy.

56. *Tenth Affirmative Defense*:  Defendant did not willfully violate any regulation, law, statute or common law cited by Plaintiff or applicable to this controversy; therefore, liquidated damages should not be awarded.

57. *Eleventh Affirmative Defense*:  Plaintiff's claims, in whole or in part, are barred by the applicable statute(s) of limitations.

58. *Twelfth Affirmative Defense*:  Plaintiff has failed to satisfy, in whole or in part, the statutory, contractual and/or administrative prerequisites to suit.

59. *Thirteenth Affirmative Defense*:  Plaintiff's claims are barred, or recovery should be offset, by the after-acquired evidence doctrine, if applicable.

60. *Fourteenth Affirmative Defense*:  Plaintiff is only entitled to one satisfaction for any established unlawful conduct.

61. *Fifteenth Affirmative Defense*:  The claims for damages by Plaintiff are limited or capped by the applicable statutory maximum dollar amounts.

62. *Sixteenth Affirmative Defense*:  Plaintiff's claims are barred, in whole or in part, by the doctrines of equity, including but not limited to waiver, estoppel, and unclean hands.

63. *Seventeenth Affirmative Defense*:  Plaintiff was fully compensated for the work that she performed.  Defendant knows of no outstanding salary or commissions due to Plaintiff.

64. *Eighteenth Affirmative Defense*: Plaintiff is not entitled to prejudgment interest if she prevails on any or all of the stated claims.

65. *Nineteenth Affirmative Defense*:  Defendant was not Plaintiff's employer and is not liable to Plaintiff in the capacity in which has been sued.

66. *Twentieth Affirmative Defense*: Defendant reserves the right to assert additional defenses or claims which may become known during the course of discovery..

WHEREFORE, PREMISES CONSIDERED, Defendant prays that all the claims against Defendant Art Robbins be dismissed because personal jurisdiction is lacking as to this Defendant, and that all relief requested in the Complaint be denied, that this matter be dismissed, and that judgment be entered that Plaintiff take nothing against Defendant, and that judgment be entered in favor of Defendant, and that he recovers his court costs, attorney's fees, and all such other relief, whether at law or in equity, to which Defendant may show himself justly entitled.

Dated: Houston, Texas
      November 14, 2011

                Respectfully submitted,

                BURLESON LLP

                /s/ *Thomas G. Ciarlone, Jr.*
                Thomas G. Ciarlone, Jr.
                700 Milam St., Suite 1100
                Houston, Texas 77002
                Telephone: (713) 358-1700
                Telecopier: (713) 358-1717
                Email: tciarlone@burlesonllp.com

                Of Counsel:
                Andrea M. Johnson
                Texas Bar No. 10679600
                BURLESON LLP
                700 Milam St., Suite 1100
                Houston, Texas 77002
                Telephone: (713) 358-1700
                Telecopier: (713) 358-1717
                Email: ajohnson@burlesonllp.com

                ATTORNEYS FOR
                DEFENDANT ART ROBBINS

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November 2011, I electronically filed a true and correct copy of Defendant's Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant(s):

Ms. Mariann Meier Wang
Mr. Eric Hecker
305 Broadway, Suite 607
New York, NY 10007
(212) 620-2600

/s/ *Thomas G. Ciarlone, Jr.*
Thomas G. Ciarlone, Jr.