UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ERIKA BROWN,

                    Plaintiff,

- against -

FROST & SULLIVAN and
ART ROBBINS,

                    Defendants.
------------------------------------x

11 CIV 6668 (NRB)

**ANSWER OF DEFENDANT FROST & SULLIVAN**

        Defendant Frost & Sullivan ("F&S"), by its attorneys, Patterson Belknap Webb & Tyler LLP, answers the allegations of the Complaint herein as follows:

## INTRODUCTION

        1.     Admits only that Plaintiff worked for F&S from December 14, 1998 to May 21, 2011, that Plaintiff purported to have received a Master's degree prior to commencing work with F&S, and that Robbins is an employee of F&S and has the title "North American President", and denies the remainder of the allegations stated in paragraph 1.

        2.     Denies the allegations contained in paragraph 2.

## THE PARTIES

        3.     Admits the allegations contained in paragraph 3.

        4.     Admits the allegations contained in paragraph 4.

5. Admits only that Robbins resides in Texas and is an employee of F&S and has the title "North America President," and denies that Robbins is an officer of F&S and the remainder of the allegations stated in paragraph 5.

## JURISDICTION AND VENUE

6. Admits that Plaintiff purports to bring this action pursuant to the statutes and common law cited in paragraph 6.

7. Admits that Plaintiff purports to invoke the statutes cited in paragraph 7, and otherwise states that paragraph 7 consists of legal conclusions that need not be either admitted or denied.

8. Denies that the acts complained of occurred, as set forth in the other paragraphs of this Answer, and otherwise states that paragraph 8 consists of legal conclusions that need not be either admitted or denied.

## JURY DEMAND

9. Admits that Plaintiff demands a trial by jury.

## FACTUAL ALLEGATIONS

10. Admits only that Plaintiff began working for F&S on December 14, 1998, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10.

11. Admits only that Plaintiff's title at the time of the termination of her employment was Executive Vice President, that she worked on certain special projects, that she focused on certain barters during the years 2007-2009, that she grew Frost's e-mail database through list swaps and barters during the first years of her employment with F&S, that she was involved at one time with an optimization project for F&S's website, and that she worked on the "GSD" program, and otherwise denies the allegations contained in paragraph 11.

12. Admits only that Plaintiff's compensation in certain years consisted in part of commissions, and otherwise denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Admits that from time to time Plaintiff made work-related restaurant reservations or purchased gifts, and on rare occasions made hotel or flight reservations, and otherwise denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17.

18. Admits only that Robbins's office is in San Antonio, Texas, and that he made trips to the New York office on occasion, and otherwise denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

20. Admits only that Robbins and Plaintiff had work-related dinners on some occasions when Robbins was in New York on business, and otherwise denies the allegations contained in paragraph 20.

21. Denies the allegations contained in paragraph 21.

22. Admits only that Robbins, Plaintiff and other employees of F&S once had dinner at the restaurant Sparks, and otherwise denies the allegations contained in paragraph 22.

23. Admits only that Robbins and Plaintiff had work-related dinners on some occasions when Robbins was in New York on business, including dinners attended by other individuals, which Robbins treated as business expenses, and otherwise denies the allegations contained in paragraph 23.

24.     Denies the allegations contained in paragraph 24.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, fifth and sixth sentences in paragraph 25, admits that on occasion Plaintiff said she could not have dinner with Robbins, and otherwise denies the remaining allegations contained in paragraph 25.

26.     Admits only that Robbins and Plaintiff had drinks at the Brandy Library in March 2011, that Plaintiff left the Brandy Library, that Robbins called Plaintiff after she left, and that Robbins, Plaintiff and a co-worker shared a taxi to F&S's Manhattan office the following morning, and otherwise denies the allegations contained in paragraph 26.

27.     Admits only that Plaintiff worked on certain recruiting projects during her tenure at F&S, beginning at least as early as 2006, and otherwise denies the allegations contained in paragraph 27.

28.     Admits only that F&S terminated Plaintiff's employment on May 21, 2011, and otherwise denies the allegations of paragraph 28.

29.     Admits only that Plaintiff received positive performance reviews at times during her tenure at F&S, and otherwise denies the allegations contained in paragraph 29.

30.     Admits only that Plaintiff discussed Robbins with certain F&S employees and that F&S terminated the employment of its Director of Human Capital Management (who had responsibility for Human Resources) in 2010, and otherwise denies the allegations contained in paragraph 30.

31.     Denies the allegations contained in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 32, and otherwise denies the allegations contained in paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34 and affirmatively states that Plaintiff was paid all monies due her.

35. To the extent any of the allegations of the Complaint have not been addressed above, they are denied.

### FIRST CAUSE OF ACTION

36. Repeats and realleges its responses to paragraphs 1 through 34 as if fully set forth herein.

37. Admits that Plaintiff purports to invoke the statutes cited in paragraph 36, and otherwise states that paragraph 36 consists of legal conclusions that need not be either admitted or denied.

38. States that paragraph 37 consists of legal conclusions that need not be either admitted or denied.

39. Denies that Plaintiff's most recent base salary was $93,000 per year, states that her most recent base salary was $90,000 per year, and otherwise admits the allegations contained in paragraph 38.

40. Denies the allegations contained in paragraph 39.

41. Denies the allegations contained in paragraph 40.

42. States that paragraph 41 consists of legal conclusions that need not be either admitted or denied.

43. Denies that Defendants' conduct was unlawful and otherwise states that paragraph 42 consists of legal conclusions that need not be either admitted or denied.

44. States that paragraph 43 consists of legal conclusions that need not be either admitted or denied.

## SECOND CAUSE OF ACTION

45. Repeats and realleges its responses to paragraphs 1 through 43 as if fully set forth herein.

46. States that paragraph 45 consists of legal conclusions that need not be either admitted or denied.

47. States that paragraph 46 consists of legal conclusions that need not be either admitted or denied.

48. Admits that Plaintiff purports to invoke the statute cited in paragraph 47, and otherwise states that paragraph 47 consists of legal conclusions that need not be either admitted or denied.

49. Denies the allegations contained in paragraph 48.

50. Denies the allegations contained in paragraph 49.

51. Denies the allegations contained in paragraph 50.

52. States that paragraph 51 consists of legal conclusions that need not be either admitted or denied.

53. States that paragraph 52 consists of legal conclusions that need not be either admitted or denied.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

55. Denies the allegations contained in paragraph 54.

5078911v.1

56. Denies that Defendants' conduct was unlawful and otherwise states that paragraph 55 consists of legal conclusions that need not be either admitted or denied.

57. States that paragraph 56 consists of legal conclusions that need not be either admitted or denied.

### THIRD CAUSE OF ACTION

58. Repeats and realleges its responses to paragraphs 1 through 56 as if fully set forth herein.

59. Admits that Plaintiff purports to invoke the statute cited in paragraph 58.

60. Denies that Robbins made repeated unwanted sexual advances and comments and that Robbins made *quid pro quo* sexual demands, and otherwise states that paragraph 59 consists of legal conclusions that need not be either admitted or denied.

61. States that paragraph 60 consists of legal conclusions that need not be either admitted or denied.

62. States that paragraph 61 consists of legal conclusions that need not be either admitted or denied.

63. States that paragraph 62 consists of legal conclusions that need not be either admitted or denied.

64. States that paragraph 63 consists of legal conclusions that need not be either admitted or denied.

65. Denies the allegations contained in paragraph 64.

66. Denies that Defendants' conduct was unlawful and otherwise states that paragraph 65 consists of legal conclusions that need not be either admitted or denied.

67. States that paragraph 66 consists of legal conclusions that need not be either admitted or denied.

-7-

507891 1v.1

## FOURTH CAUSE OF ACTION

68. Repeats and realleges its responses to paragraphs 1 through 66 as if fully set forth herein.

69. Admits that Plaintiff purports to invoke the statute cited in paragraph 68.

70. States that paragraph 69 consists of legal conclusions that need not be either admitted or denied.

71. States that paragraph 70 consists of legal conclusions that need not be either admitted or denied

72. States that paragraph 71 consists of legal conclusions that need not be either admitted or denied.

73. States that paragraph 72 consists of legal conclusions that need not be either admitted or denied.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

75. Denies the allegations contained in paragraph 74.

76. States that paragraph 75 consists of legal conclusions that need not be either admitted or denied.

77. States that paragraph 76 consists of legal conclusions that need not be either admitted or denied.

-8-

## FIFTH CAUSE OF ACTION

78. Repeats and realleges its responses to paragraphs 1 through 76 as if fully set forth herein.

79. Denies the allegations contained in paragraph 78.

80. Denies the allegations contained in paragraph 79.

81. Denies the allegations contained in paragraph 80.

82. Denies the allegations contained in paragraph 81.

83. Denies that any instance of assault and battery occurred, and otherwise states that paragraph 82 consists of legal conclusions that need not be either admitted or denied.

## SIXTH CAUSE OF ACTION

84. Repeats and realleges its responses to paragraphs 1 through 82 as if fully set forth herein.

85. Admits that Plaintiff was employed by F&S from December 14, 1998 until May 21, 2011, and otherwise states that paragraph 84 consists of legal conclusions that need not be either admitted or denied.

86. Denies the allegations contained in paragraph 85.

87. Denies the allegations contained in paragraph 86.

88. Denies the allegations contained in paragraph 87.

89. Denies that F&S was negligent in hiring or retaining Robbins and otherwise states that paragraph 88 consists of legal conclusions that need not be either admitted or denied.

## PRAYER FOR RELIEF

90. Admits that Plaintiff seeks the relief stated.

## FIRST DEFENSE

91. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

92. One or more of the claims raised in the Complaint may be barred by the doctrines of release, payment, accord and satisfaction, set off, acquiescence, waiver, estoppel, unclean hands and/ or laches.

## THIRD DEFENSE

93. Defendant has paid all compensation due Plaintiff.

## FOURTH DEFENSE

94. The claims raised in the Complaint are barred to the extent that they were brought after the expiration of the applicable statute of limitations.

## FIFTH DEFENSE

95. Plaintiff has failed to mitigate her damages, if any.

## SIXTH DEFENSE

96. Plaintiff's claims are barred, in whole or in part, to the extent she unreasonably failed to take advantage of preventative or corrective opportunities provided by F&S, to timely report the allegations that form the basis of her Complaint to any supervisory or management employee of F&S during her employment, or to otherwise avoid the alleged harm.

## SEVENTH DEFENSE

97. Plaintiff's claim for damages is barred, in whole or in part, under New York City Human Rights Law § 8-107(d) and (f), because F&S established and complied with

policies, programs and procedures for the prevention and detection of unlawful discriminatory practices.

### EIGHTH DEFENSE

98. Plaintiff has failed to satisfy, in whole or in part, the statutory, contractual, and/or administrative prerequisites to suit.

### NINTH DEFENSE

99. Plaintiff's claims are barred, or recovery should be offset, by the after-acquired evidence doctrine.

### TENTH DEFENSE

100. With respect to all claims of sexual harassment and assault and battery, which claims F&S denies, if any acts of sexual harassment or assault and battery were committed by Defendant Robbins, such acts were done without the knowledge of officers of F&S, contrary to F&S's established policies, and as a wholly independent act outside the scope of employment. Therefore, Defendant F&S is not liable for any alleged act of sexual harassment or assault and battery.

### ELEVENTH DEFENSE

101. Plaintiff cannot state a *prima facie* case under any of the statutes or common law cited in the Complaint.

### TWELFTH DEFENSE

102. At all times, Defendant F&S acted in good faith and with reasonable grounds for believing that its actions were not a violation of any law.

5078911v.1

## THIRTEENTH DEFENSE

103. Defendant did not violate any of the statutes or common law cited in the Complaint or applicable to Plaintiff's claims, and therefore liquidated damages should not be awarded.

## FOURTEENTH DEFENSE

104. Plaintiff is not entitled to prejudgment interest if she prevails on any or all of the stated claims.

105. Defendant expressly reserves the right to assert additional defenses when and if they become appropriate during this action.

WHEREFORE, F&S demands judgment:

1. Dismissing the Complaint with prejudice;

2. Awarding Defendant F&S costs, disbursements and reasonable attorney's fees; and

3. Granting such other and further relief as the Court may deem just and proper.

PATTERSON BELKNAP WEBB & TYLER LLP

_____
Lisa E. Cleary
Catherine A. Williams
Attorneys for Defendant Frost & Sullivan
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

Dated: New York, New York
December 16, 2011